# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUANG NGUYEN,**<br>**610 Lone Ridge Way**<br>**Murphy, TX 75094,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**KIMBERLY VU,**<br>**42414 Chamois Court**<br>**Sterling, VA 20166,**<br><br>    **and**<br><br>**GLOBAL REAL ESTATE MANAGEMENT, INC.,**<br>**1875 I Street NW, 5th Floor**<br>**Washington, D.C. 20006,**<br><br>**Serve:  Kimberly Vu, Registered Agent**<br>**1875 I Street NW, 5th Floor**<br>**Washington, D.C. 20006,**<br><br>    **and**<br><br>**GLOBAL FINANCIAL GROUP, INC.,**<br>**1875 I Street NW, 5th Floor**<br>**Washington, D.C. 20006,**<br><br>**Serve: Kimberly Vu, Registered Agent**<br>**1050 Connecticut Avenue, Ste. 500**<br>**Washington, D.C., 20036,**<br><br>    **Defendants.** | **Civil Action No. 1:19-cv-894** |

## **COMPLAINT**

COMES NOW Plaintiff Quang C. Nguyen, by undersigned counsel, and sues Defendants Kimberly Vu, Global Real Estate Management, Inc. and Global Financial Group, Inc. to recover

1

fraudulently obtained funds, an unpaid loan, and to redress violations of Mr. Nguyen's rights as a shareholder and creditor, and, in furtherance thereof, states as follows:

## NATURE OF ACTION

1. This action arises from Defendant Vu's fraudulent conversion of Mr. Nguyen's monies in excess of $555,000. Over the course of 2018, Vu induced Mr. Nguyen to provide her with significant investments for the supposed purpose of flipping real estate in the Washington, D.C. Metropolitan Area and certain countries in Southeast Asia (the "Venture"), and also extend a loan to Vu to assist with her personal expenses during the Venture's purported operations. Despite subsequently providing Mr. Nguyen with an ownership interest in a shell company formed by Vu to purportedly carry out the Venture, Vu has refused to provide Mr. Nguyen with any information about either his invested funds or her ostensible efforts to effectuate the project's agreed-upon purpose. Rather, and as planned by Vu when convincing Mr. Nguyen to provide her these investments, Vu diverted Mr. Nguyen's monies for her personal gain through an orchestrated scam operated from within the Washington Metropolitan area. The instant action seeks to remedy this deceptive misappropriation of Mr. Nguyen's funds by Vu and her alter-ego corporations, and seeks an award of punitive damages to deter Defendants from undertaking such fraudulent and predatory conduct in the future.

## PARTIES

2. Mr. Nguyen is a domiciliary and citizen of the State of Texas with his principal residence located at 610 Lone Ridge Way, Murphy, TX 75094.

3. Vu is a citizen of the Commonwealth of Virginia, with her principal residence located at 42414 Chamois Court, Sterling, VA. 20166.

4. Global Real Estate Management, Inc. is an entity formed under the laws of the District of Columbia with its principal place of business located at 1875 I Street NW, 5th Floor, Washington, DC 20006.

5. Global Financial Group, Inc. is an entity formed under the laws of the District of Columbia with its principal place of business located at 1875 I Street NW, 5th Floor, Washington, DC 20006.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the instant action under 28 U.S.C.§1332(a) because there is complete diversity between Mr. Nguyen and all Defendants, and this Complaint seeks monetary damages in excess of $75,000.

7. This Court has personal jurisdiction over Defendants Global Real Estate Management, Inc. (the "Corporation") and Global Financial Group, Inc. ("GFG") because both entities were formed under the laws of the District of Columbia, and the principal places of business for both entities are located within the District of Columbia.

8. This Court has personal jurisdiction over Defendant Vu because the instant action arises from her systematic use of District of Columbia corporations to perpetrate a fraud and breach of contract from which she derived substantial, ill-gotten revenue. Furthermore, Vu failed to safeguard and hold in trust the monies Mr. Nguyen provided to these D.C. corporations in reliance on her deceptive misrepresentations.

9. Venue is appropriate before this Court under 28 U.S.C.§1391 because a substantial part of the events and/or omissions giving rise to Mr. Nguyen's claims against Vu occurred within the District of Columbia.

## FACTS

### The Parties' Business Venture

10. In or around March 2013, Mr. Nguyen became acquainted with Vu through social media, after which Mr. Nguyen believed the parties developed a friendship and mutual trust.

11. On or around December 22, 2017, during a telephone conversation, Vu invited Mr. Nguyen to participate in a business venture with her, involving the flipping of real estate in both the Washington Metropolitan area and in countries in Southeast Asia.

12. During this conversation, Vu represented to Mr. Nguyen that she had significant insight and experience with respect to these housing markets, and that—with enough capital—the parties were sure to make a significant profit by reselling properties in this locality.

13. Mr. Nguyen, who trusted Vu's represented intentions, and believing her to be a successful and honest businessperson based upon their conversations over the preceding years and her relatively significant social media presence, agreed to partner with Vu in furtherance of the Venture.

14. On January 5, 2018, Vu and Mr. Nguyen met in person in Virginia to discuss the Venture. During this meeting, Vu assured Mr. Nguyen as to the veracity of her purported business ambitions by providing him with various marketing and strategic materials in connection with the Venture.

15. During this January 5, 2018 meeting, Vu proposed that the Parties provide a total capital investment of $200,000 toward the project.

16. Based upon Vu's representations regarding the proposed Venture as of that date, Mr. Nguyen agreed to partner with Vu and contribute funds to the enterprise.

17. The Parties ultimately agreed during this meeting that Mr. Nguyen would invest $50,000, while Vu would contribute $150,000.

18. Because of Vu and Mr. Nguyen's respective locations in the United States, the parties decided that Vu would be responsible for locating suitable properties in the Washington Metropolitan area to buy and flip.

19. Vu and Mr. Nguyen further agreed that any proceeds from this real estate business would first be used to repay their respective capital contributions and associated transaction fees, with any remaining profit being divided according to their equity interests in the Venture.

20. Furthermore, because Vu told Mr. Nguyen that she needed to have ready access to this capital in case she needed to immediately pursue a property, Mr. Nguyen allowed Vu to safeguard both parties' respective contributions to use exclusively toward the Venture.

21. Vu instructed Mr. Nguyen to remit his initial $50,000 investment to a shell entity owned and dominated by Vu – GFG.

22. Between January 5-8, 2018, Mr. Nguyen provided Vu with the discussed $50,000 capital investment through the provision of $5,000 in cash and a wire transfer in the amount of $45,000 to a bank account controlled by GFG, incurring transaction fees of $35.00.

**Mr. Nguyen's Equity Stake in the Corporation**

23. After finalizing their agreement with respect to their initial contributions, Vu formed a District of Columbia entity, Global Real Estate Management, Inc., and explained to Mr. Nguyen that the Corporation would serve as a suitable vehicle to carry out, and memorialize their respective interests in, the Venture.

24. To evidence Mr. Nguyen's $50,000 investment, Vu provided him with a 25% equity interest in the Corporation.

25. Vu memorialized this equity interest through a notarized document titled "First Admendment [sic] to Operating Agreement," which acknowledged receipt of Mr. Nguyen's initial investment and 25% ownership in the Corporation. This document is attached hereto as Exhibit 1.

26. Shortly after Vu and Nguyen finalized their January 5, 2018 agreement, Vu proposed that Mr. Nguyen increase his stake to 50% of the enterprise by both contributing an additional $50,000 and permitting her to withdraw $50,000 from the project. As a result, Vu and Mr. Nguyen would each have invested $100,000 toward the Venture and hold equal ownership interests.

27. Mr. Nguyen agreed to Vu's proposed modification of the parties' January 5, 2018 agreement.

28. On January 11, 2018, Vu filed the Corporation's Articles of Incorporation with the District of Columbia in which she represented that Vu and Mr. Nguyen each held a 50% stake in the entity.  A copy of the Corporation's Articles of Incorporation are attached hereto as Exhibit 2.

29. Consistent with the Parties' agreement that Vu would handle the day-to-day operations of the business due to her residing within the Washington Metropolitan area, Vu further indicated in the Articles of Incorporation that she would serve as "Managing Partner," and Mr. Nguyen as a "Partner".

30. Mr. Nguyen wired his second $50,000 contribution to the same GFG bank account on January 22, 2018, incurring another $35.00 in transaction fees in doing so.

6

31.     Vu provided him with a notarized document titled "Second Admendment [sic] to Operating Agreement," which confirmed receipt of this second investment. This document is attached hereto as <u>Exhibit 3</u>.

32.     Despite receiving Mr. Nguyen's initial investments, Vu never provided Mr. Nguyen with any records showing that she had likewise invested monies toward the Venture, and, on information and belief, never made any such contributions.

### Vu's Inducement of Mr. Nguyen to Contribute Additional Capital

33.     Following Mr. Nguyen's provision of this initial $100,000 investment to the Venture, Vu and Mr. Nguyen met in person in March 2018 to discuss the status of their project. During this meeting, Vu represented to Mr. Nguyen that the parties would need to make additional contributions to ensure the success of the Venture and a prompt return on their investments. Vu suggested that each party contribute an additional $100,000, bringing their total, respective investments to $200,000.

34.     Mr. Nguyen agreed to Vu's proposal, and, per her instructions, promptly remitted bank wires in the amount of $100,000 to GFG's bank account.

35.     As was the case with the Parties' initial contributions, Vu never provided Mr. Nguyen with any evidence that she remitted an additional $100,000 investment to the Venture.

36.     In May 2018, Vu and Mr. Nguyen met in California to discuss the Venture during which Vu again represented that the project required more funding. Although Vu indicated that she was unable to increase her investment from the $200,000 she had supposedly contributed already, she asked Mr. Nguyen to contribute an additional $100,000, bringing his total investment to $300,000.

37. Vu further requested that Mr. Nguyen's ownership interest in the Venture and Corporation not increase despite his agreement to contribute more funds than Vu, and that the parties still divide equally any profits from the project in excess of their respective investments.

38. Notwithstanding Mr. Nguyen's greater investment toward the Venture, Mr. Nguyen ultimately agreed to this proposal because Vu was expected to contribute the bulk of the labor toward their project's operations.

39. Moreover, Mr. Nguyen was reassured by Vu's promises that he would be repaid the entirety of his investment and associated transaction fees from the Venture's proceeds before any profit distribution between the parties.

40. Between May 17, 2018, and June 4, 2018, Mr. Nguyen remitted an additional $100,000 by wire transfers to the GFG bank account.

41. Mr. Nguyen incurred $190 in transaction fees in connection with his remittance of these additional investments between March and June 2018.

42. In June 2018, Vu again acknowledged receipt of Mr. Nguyen's additional investments of $200,000 between March and May 2018 by providing Mr. Nguyen with a notarized document titled "Third Admendment [sic] to Operating Agreement." This document is attached hereto as <u>Exhibit 4</u>.

**The Loan Agreement**

43. In June 2018, Vu contacted Mr. Nguyen and requested that he extend a $50,000 loan to Vu individually.

44. Vu represented to Mr. Nguyen that she was suffering from a lack of liquidity in light of her $200,000 investment toward the Venture and needed the loan to pay for personal debts and expenses.

45. Eager to ensure the success of the Venture and maintain an amicable business relationship with Vu, and in reliance on Vu's representations that her need for these monies was necessitated by her prior contributions, Mr. Nguyen agreed to loan Vu the requested $50,000 on the condition that she repay both the loan and associated transaction fees by December 30, 2018, as well as interest on the principal amount at a rate of 15%.

46. Accordingly, on June 22, 2018, Mr. Nguyen transferred the $50,000 loan principal to Vu by wire transfer to the same GFG bank account to which he had made his prior investments.

47. Mr. Nguyen incurred $30.00 in transaction fees in providing the loan sums, which similarly were due by December 30, 2018 along with the $50,000 principal and accrued interest.

48. Vu and Mr. Nguyen memorialized this loan through a written promissory note dated June 25, 2018 (the "Promissory Note"), attached hereto as Exhibit 5.

### Vu's Demands for Additional Investment

49. Despite Mr. Nguyen having provided Vu with $300,000 in contributions to the Venture between January and June 2018, and having extended a $50,000 loan to Vu individually, Vu did not cease demanding additional funds from Mr. Nguyen in the latter-half of that year.

50. In fact, within only a month of receiving the $50,000 loan proceeds under the Promissory Note, Vu contacted Mr. Nguyen in July 2018 and indicated that he would need to contribute further investments of not less than $200,000 to ensure the Venture's continued viability.

51. Due to the significant funds provided by Mr. Nguyen as of that date and the absence of any return on his investment, Mr. Nguyen inquired why additional monies were necessary.

52. Having now met resistance to her requests for additional funding, Vu's rhetoric escalated markedly, and she warned Mr. Nguyen that his failure to contribute these additional monies would likely lead to the loss of his $300,000 investment.

53. Vu also threatened that Mr. Nguyen's failure to provide the demanded funds would somehow place him in breach of his obligations in connection with the Venture, and that Vu would file a lawsuit against Mr. Nguyen for breach of contract if these monies were not forthcoming.

54. Alarmed by the prospect of losing nearly the entirety of his savings, and bewildered by Vu's sudden bellicosity, Mr. Nguyen explained to Vu that he no longer had ready access to any additional funding given the size of his investments as of that date.

55. In response, Vu instructed Mr. Nguyen to withdraw funds held in various retirement accounts and liquidate other assets to raise this capital. Vu provided Mr. Nguyen with advice and secondary sources about how he could access monies in his 401(k) account, Roth IRA and home equity credit line so that he could provide Vu with more money.

56. When Mr. Nguyen expressed concern regarding the tax penalties, fees, and lost opportunity damages he would incur if he liquidated those assets, Vu promised that those consequential losses would be repaid from the proceeds of the Venture in addition to his principal investments.

57. Reluctantly, Mr. Nguyen conceded to Vu's demands, and withdrew the requested funds from his 401(k), Roth IRA, stock investment accounts, and home equity line, incurring significant transactional costs in an amount not less than $13,500.

58. Between August 17, 2018 and October 15, 2018, Mr. Nguyen contributed an additional $205,000 to the Venture.

59. In November 2018, to memorialize Mr. Nguyen's investments toward the Venture between August and October, Vu provided Mr. Nguyen with a notarized document titled "Fourth Admendment [sic] to Operating Agreement," which acknowledged her and the Corporation's receipt of an additional $200,000 contribution. A copy of this November 2018 document is attached hereto as <u>Exhibit 6</u>.

60. Despite Mr. Nguyen's repeated requests that Vu revise the document to reflect the true amount of his final investment of $205,000, Vu never provided a corrected statement.

61. Notwithstanding Mr. Nguyen's investment of $505,000 between January and September 2018, Vu continued her fraudulent attempts to extract additional funds from Mr. Nguyen.

62. Specifically, during another in-person meeting between Vu and Mr. Nguyen in November 2018 in California, Vu incessantly asked Mr. Nguyen to provide more funds to the Venture in an amount up to $100,000.

63. During this meeting, Vu provided Mr. Nguyen with additional marketing information regarding her purported plans to purchase various properties in Baltimore, Maryland.

64. When Mr. Nguyen explained that he was unable to provide further investments, Vu demanded that Mr. Nguyen provide false information to his 401(k) and Roth IRA fund managers to access additional monies in those accounts. Specifically, Vu asserted that Mr. Nguyen could withdraw additional funds by misrepresenting that members of Mr. Nguyen's family in Vietnam had fallen ill.

65. Unwilling to defraud his Roth IRA and 401(k) fund managers, and having been provided with no evidence to date suggesting that Vu had in fact taken any action in furtherance

of the Venture, Mr. Nguyen refused Vu's demands and contacted undersigned counsel in late-November 2018 in connection with his investment.

### Mr. Nguyen's Request for Inspection of the Corporation's Records

66.    On December 13, 2018, Mr. Nguyen, through counsel, made a formal request to inspect the accounting and operational records of the Corporation under D.C. Code § 29–313.02 for the express purpose of determining its financial state and operations to date, as well as to ensure the safeguarding of Mr. Nguyen's $505,000 investment.

67.    Per this request for inspection, Mr. Nguyen demanded that these records be made available at the Corporation's registered principal address in the District of Columbia, or another mutually-agreeable location, no later than December 21, 2018.

68.    In addition to exercising his statutory rights as a shareholder of the Corporation, this December 13 letter also expressly reminded Vu of her obligation to repay the June 2018 loan by the end of 2018.

69.    Although Vu received Mr. Nguyen's letter at her Sterling, VA residence, which was signed for by her domestic partner, Duc X. Nguyen, Vu never responded to this request for inspection.

70.    On December 21, 2018, having received no request from Vu that the Corporation's records be retrieved from another address, Mr. Nguyen engaged a courier to obtain copies of such from the Corporation's registered headquarters at 1875 I Street, 5th Floor, Washington, DC 20006.

71.    However, upon the agent's arrival at this registered address, he not only discovered that no records had been made available for inspection by Mr. Nguyen, but that the

office was vacant with no indication Vu or the Corporation had ever conducted any business operations from that address.

72. Upon information and belief, both the Corporation and GFG operate as alter egos of both Vu and one another, and have been used by Vu as instruments to affect her overarching fraudulent ploy to divert and conceal funds misappropriated from third-parties, including Mr. Nguyen.

73. Upon information and belief, Vu regularly commingles the funds of the Corporation, GFG and other shell entities in Virginia with her own personal monies.

74. Vu has failed to make any attempt to adhere to requisite corporate formalities, including making available foundational accounting and operating records regarding the Corporation upon Mr. Nguyen's lawful demand as a shareholder.

**Vu's Theft of Mr. Nguyen's Funds and Breach of the Loan Agreement**

75. Since receiving Mr. Nguyen's request to inspect the Corporation's records, Vu has severed all ties with Mr. Nguyen, and blocked him from all social media accounts through which they had been connected.

76. Having now realized that her fraud has been uncovered and that Mr. Nguyen is unwilling to continue providing her with additional funds, Vu has refused to provide Mr. Nguyen with any information regarding his $505,000 investment or the parties' supposed Venture since November 2018.

77. Following his retention of counsel with respect to this dispute, Mr. Nguyen discovered that Vu has an extensive criminal history in the Commonwealth of Virginia, including a charge for check-kiting in Loudoun County.

78. Based upon research by Mr. Nguyen and undersigned counsel to date, neither the Corporation or Vu has made any attempt to purchase any properties for resale in accordance with the agreed-upon purpose of the Venture.

79. On information and belief, Vu failed to safeguard Mr. Nguyen's investments and fraudulently converted all such funds to her own uses without undertaking any efforts to effectuate the Venture.

80. Unsurprisingly, Vu also reneged upon her obligations under the Promissory Note and failed to repay any portion of the June 2018 loan by December 30, 2018 despite demand.

**COUNT I - Fraud in the Inducement**
**(Kimberly Vu)**

81. Mr. Nguyen restates and incorporates the factual allegations set forth in Paragraphs 1 through 80.

82. Vu induced Mr. Nguyen to contribute $555,000 to the Venture by falsely representing to him on December 22, 2017 and January 5, 2018 that she intended to use Mr. Nguyen's funds exclusively in furtherance of the Venture, and would safeguard his monies remitted in connection with the project.

83. Vu subsequently provided Mr. Nguyen with false and misleading business plans to convince him of the veracity of the Venture.

84. Over the proceeding year, Vu reiterated these false intentions on numerous occasions and repeatedly misrepresented that the Venture required additional funding, thereby inducing Mr. Nguyen to remit additional monies.

85. At the times Vu made these representations to Mr. Nguyen, Vu had no intention of using Mr. Nguyen's monies for their promised investment purposes, but instead sought to

abuse her fiduciary position as trustee of these investments to divert such to Vu's own enjoyment.

86. Similarly, in June 2018, Vu induced Mr. Nguyen to loan her $50,000 by asserting that her personal funds had been depleted as a result of her contributions to the Venture. However, upon information and belief, Vu never invested any of her own monies in furtherance of the project.

87. Mr. Nguyen relied upon Vu's stated intentions with respect to her use and safeguarding of his investment, which were material to his decision to provide her with both the $505,000 in contributions and the $50,000 June 2018 loan.

88. Mr. Nguyen not only suffered significant transactional costs, fees, tax penalties and lost opportunity damages in providing these sums to Vu in an amount not less than $13,500, but was also compelled to incur attorneys' fees and legal costs as a natural consequence of Vu's fraudulent theft of his property.

89. Vu's systematic fraud—carried out for the purpose of obtaining as much money from Mr. Nguyen as possible that she could divert for her personal use—was malicious, wanton, and effectuated in willful disregard of Mr. Nguyen's rights.

90. Mr. Nguyen has suffered harm due to Vu's fraudulent conduct and embezzlement of his investment funds, which have rendered Mr. Nguyen unable to enjoy the benefit of these monies.

91. As a result of Vu's fraudulent inducement of Mr. Nguyen's agreement to invest in the Venture, Mr. Nguyen has been damaged in an amount not less than $569,000, including his incurred transaction fees and costs.

## COUNT II - Conversion
### (All Defendants – In the Alternative to Counts I, III, V)

92. Mr. Nguyen restates and incorporates the factual allegations set forth in Paragraphs 1 through 80.

93. Over the course of 2018, Mr. Nguyen provided Vu with $505,000 for use toward the Venture in reliance on Vu's fraudulent misrepresentations.

94. Due to Vu's domination of GFG and the Corporation, these alter-ego entities were fully integrated into her fraudulent scheme to obtain, funnel, and conceal Mr. Nguyen's funds.

95. Despite undertaking no efforts to use these investments for their intended, agreed-upon purposes, Defendants have failed to return any monies to Mr. Nguyen despite express demand for such repayment.

96. Defendants continue to exercise unlawful control and dominion over Mr. Nguyen's investments, depriving him of the enjoyment thereof.

97. Defendants actions were malicious, wanton and carried out in willful disregard of Mr. Nguyen's legal rights to these monies.

98. As a result of Defendants conversion of his funds, Mr. Nguyen has suffered monetary harm in an amount not less than $505,000.

## COUNT III - Breach of Investment Contract
### (Kimberly Vu – In the Alternative to Counts I-II, V)

99. Mr. Nguyen restates and incorporates the factual allegations set forth in Paragraphs 1 through 80.

100. On or around January 5, 2018 Vu and Mr. Nguyen entered an agreement to carry out a real estate flipping venture in the Washington Metropolitan area.

101. Pursuant to this arrangement, Vu and Mr. Nguyen agreed to contribute a combined total of $200,000 to the Venture, and that Vu would manage the day-to-day activities of the project, including locating suitable properties to flip.

102. Vu and Mr. Nguyen further agreed that their investments, and the associated transactional costs and fees incurred in providing such, would be repaid from the proceeds of the Venture, and that any excess profits would be divided equally between Vu and Mr. Nguyen.

103. Mr. Nguyen abided by all his duties arising from the agreement and the parties' modifications thereto and provided Vu with $505,000 over the course of 2018.

104. However, upon information and belief, Vu did not contribute any funds in furtherance of the real estate venture.

105. Despite her receipt of Mr. Nguyen's funds, Vu undertook no effort to purchase real property for resale, but instead breached this investment agreement and diverted Mr. Nguyen's funds to her personal use.

106. As a result of Vu's breach of the investment contract, Mr. Nguyen has been harmed in an amount not less than $519,000, including transaction fees and costs.

**COUNT IV - Breach of Promissory Note**
**(Kimberly Vu – In the Alternative to Count I, II, V)**

107. Mr. Nguyen restates and incorporates the factual allegations set forth in Paragraphs 1 through 80.

108. The Promissory Note memorializes an enforceable obligation of Vu to repay Mr. Nguyen the amount of a $50,000 loan extended to her in June 2018, as well as Mr. Nguyen's associated transactional fees and interest at a rate of 15%.

109. Mr. Nguyen abided by all terms of the Promissory Note by providing Vu with the loan funds on or around June 22, 2018, and incurred approximately $30.00 in transactional fees.

110. Vu breached the Promissory Note by failing to repay Mr. Nguyen the principal amount of the loan plus interest and costs by December 30, 2018.

111. As a result of Vu's breach of the Promissory Note, Mr. Nguyen has been harmed in the amount of the $50,000 loan principal, his transaction costs in providing this loan, and accrued interest at a rate of 15% per annum.

### COUNT V – Breach of Fiduciary Duty
### (All Defendants – In the Alternative to Counts I-IV)

112. Mr. Nguyen restates and incorporates the factual allegations contained in Paragraphs 1 through 80.

113. Mr. Nguyen provided Defendants with possession and control of his capital contributions in an amount of $505,000 for use in the Venture.

114. By accepting Mr. Nguyen's investments to hold in trust in furtherance of the Venture, Vu assumed fiduciary duties of loyalty and care to Mr. Nguyen to both safeguard these monies and use such only for their stated business purposes.

115. Similarly, the defendant entities owed Mr. Nguyen fiduciary duties to protect funds remitted in connection with his equity ownership in the Venture and Corporation, and not be used as instruments to perpetrate a fraud by permitting Vu to utilize their corporate presence to conceal and divert Mr. Nguyen's invested funds.

116. In blatant disregard of these common law duties, Defendants maliciously converted Mr. Nguyen's investments, and, on information and belief, dedicated these monies to Vu's personal uses.

117. As a result of Defendants' breach of their fiduciary obligations to Mr. Nguyen, Mr. Nguyen has been harmed in the amount of his contributed investments to the Venture, suffering damages no less than $505,000.

**PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Nguyen respectfully prays that this Court enter judgment against the Defendants on all counts, and grant the following relief:

A. For Count I - an award of compensatory damages in an amount not less than $568,500; an award of punitive damages given Vu's fraudulent and deceptive actions in obtaining Mr. Nguyen's monies; and an award of Mr. Nguyen's reasonable attorneys' fees and costs, the incurrence of which were a natural and foreseeable consequence of Vu's intentional and fraudulent conduct.

B. For Count II - an award of compensatory damages in an amount not less than $505,000; an award of punitive damages given Defendants' willful and wanton conversion of Mr. Nguyen's monies; and an award of reasonable attorneys' fees and costs of maintaining this action, the incurrence of which were a natural and foreseeable consequence of Defendants' tortious actions.

C. For Count III - an award of compensatory damages in an amount not less than $519,000.

D. For Count IV - an award of compensatory damages in an amount not less than $50,000; and pre-judgment interest at a rate of 15% from June 22, 2018.

E. For Count V – an award of compensatory damages in an amount not less than $505,000; an award of punitive damages and costs in connection with Defendants' willful breach of their fiduciary obligations to Mr. Nguyen; and an award of Mr. Nguyen's reasonable attorneys' fees and costs, the incurrence of which were a natural and foreseeable consequence of Defendants' intentional and fraudulent conduct.

F.   A preliminary injunction to preserve Mr. Nguyen's still-existing investment funds, and prevent Defendants from continuing to fraudulently deplete such monies and/or hinder and delay Mr. Nguyen's recovery of such.

G.   For such further relief as this Court deems appropriate and just.

Dated:  March 28, 2019                               Respectfully submitted,


                                                     ___/s/ David M. E. Moon_____
                                                     David M. E. Moon, Esq., Bar No. 1047947
                                                     Amber T. Orr, Esq., Bar No. 242409
                                                     BERENZWEIG LEONARD, LLP
                                                     8300 Greensboro Drive, Ste. 1250
                                                     McLean, VA 22102
                                                     Telephone: 703-760-0402
                                                     Fax: 703-462-8674
                                                     dmoon@berenzweiglaw.com
                                                     aorr@berenzweiglaw.com
                                                     *Counsel for Plaintiff Quang Nguyen*