QUANG NGUYEN,

                *Plaintiff*,

     v.

KIMBERLY VU, *et al.*,

                *Defendants.*

No. 19-cv-894 (DLF)

## MEMORANDUM OPINION

Before the Court are plaintiff Quang Nguyen's Supplemental Motion for Attorney's Fees, Dkt. 68, and defendant Kimberly Vu and her companies' Motion to Set Aside the Order of Partial Summary Judgment, Dkt. 72. For the reasons that follow, the Court will grant Nguyen's motion and deny Vu's motion.

## I.    BACKGROUND

Vu asks the Court to either set aside a previous judgment in this case or reopen discovery. Defs.' Mot. to Set Aside; *see Nguyen v. Vu*, No. 19-cv-894, 2020 WL 7495285 (D.D.C. Dec. 20, 2020). The previous judgment resolved Nguyen's various state law claims against Vu and two of her solely owned companies based on her alleged fraud in their failed joint business ventures. *Nguyen*, 2020 WL 7495285, at *1. The Court described the factual details of this case at length in the opinion on summary judgment, *see id.* at *1–3, and so will not repeat them here. Vu and her companies failed to respond to Nguyen's summary judgment motion, despite being warned of the consequences of doing so. *See, e.g.,* Minute Order of September 1, 2020. Thus, the Court accepted the factual assertions in Nguyen's statement of undisputed facts and supporting documents as true, *see Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), conducted an

independent legal analysis of each issue, and granted Nguyen's motion for summary judgment in part. *Nguyen*, 2020 WL 7495285, at *1.

Vu now asks the Court to set aside that judgment. She claims that she never received actual notice of Nguyen's Motion for Summary Judgment, Dkt. 62, and Amended Motion for Summary Judgment, Dkt. 63. Vu asserts that "[s]he presumes, but does not know, that if the Motion was delivered to her home address, it got mixed up in the mail of one of the other residents at her building, so she never saw it." Defs.' Mot. to Set Aside at 3. Vu also "realiz[ed] that at some time in 2020, she stopped receiving the emails [from the Court]." *Id.* at 6. And she "acknowledges that she could have had access to the Motion had she gained access to the Court's electronic filing system," *id.*, but "did not . . . ever have the wherewithal to gain such access," *id.* As support for these assertions and her motion to set aside the Court's judgment, Vu provides a declaration signed by herself. Vu Decl., Dkt. 72-2.

Because it is relevant to Vu's claim that she stopped receiving notices related to this litigation, as is Vu's credibility more generally, it is instructive to briefly recount the history of this litigation. From the beginning, and despite repeated instructions and warnings from the Court, Vu and her companies have failed to comply with discovery obligations, the rules of litigation, and the Court's orders.

Problems arose at the outset. Vu filed her answer to Nguyen's complaint on May 21, 2019. Defs.' Answer, Dkt. 11. Vu and her counsel at the time failed to meet with opposing counsel to discuss matters related to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(a). Pl.'s Mot. for Scheduling Order ¶¶ 3–4, Dkt. 15. Vu's counsel then filed a motion to withdraw, Dkt. 14, and noted in a subsequent status report, Dkt. 17, that Vu had not retained new counsel despite the Court's warning that Vu could not represent her companies pro se, Minute

Order of July 11, 2019.  Throughout the summer of 2019, Vu declined to retain new counsel for her companies, meaning that her original attorneys had to stay on the case despite her failure to comply with their payment agreements.  *See id*.; Minute Order of July 24, 2019.  In October 2019, Vu's counsel filed another motion to withdraw, Dkt. 35, and the Court again warned Vu that she could not represent her companies pro se, Minute Order of Oct. 30, 2019 (citing *Rowland v. Cal. Men's Colon*y, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")).  The Court ordered Vu to inform the Court within a week (1) of her new counsel for her corporate entities and (2) whether she would proceed pro se or also enlist the assistance of counsel.  *Id*.  Vu failed to comply with that order.  *See* Minute Order of Nov. 8, 2019.

Simultaneously, Vu refused to meaningfully participate in the discovery process.  Vu's responses to interrogatories and document requests were "deficient and incomplete."  Pl.'s Mot. to Stay Pretrial Deadlines ¶¶ 4–5, Dkt. 34.  Although Vu indicated that she intended to provide supplemental responses, those responses remained deficient, and documents remained unproduced.  *See* Joint Status Report, Dkt. 36; Minute Order of Nov. 8, 2019.  On November 8, 2019, the Court ordered Vu to show cause why she should not be sanctioned for her failure to comply with the Court's previous orders and her discovery obligations.  Minute Order of Nov. 8, 2019.  Vu failed to make any showing within the allotted time.  Minute Order of Nov. 13, 2019.  Finally, on November 25, 2019, Vu appeared with counsel before the Court for a show cause hearing.  The Court ordered Vu to "fully comply with discovery requests" and granted the plaintiff leave to file a motion to compel discovery upon defendant's further failure to comply.  Minute Order of Nov. 25, 2019.  At the December 6 follow-up status conference, the Court

granted Vu's attorneys' Motion to Withdraw, Dkt. 35, and reiterated that Vu could represent herself, but she had to find counsel for her companies. Minute Order of Dec. 6, 2019.

Despite the Court's repeated directive that Vu comply with discovery obligations, she declined to do so. *See, e.g.*, Minute Order of Oct. 22, 2019; Minute Order of Nov. 8, 2019; Minute Order of Nov. 25, 2019; Minute Order of Dec. 6, 2019. Given Vu's continued refusal to comply, the Court laid out a discovery plan in which discovery would proceed in stages. *See* Hr'g of Dec. 17, 2019. Specifically, the Court explained that until Vu complied with Nguyen's longstanding discovery requests, including requests for information supporting her own counterclaims, the Court would not entertain Vu's broad requests. *Id.* Vu nevertheless refused to meaningfully participate in discovery, *see* Hr'g of Jan. 6, 2020, and Nguyen was forced to seek Vu's bank records through subpoenas to financial institutions. Am. Mot. for Summ. J. at 2–4

After that, Vu failed to appear for a status conference on January 6, 2020. At that hearing, the Court granted Nguyen's motion to compel discovery responses, Dkt. 39, and motion for attorney's fees, Dkt. 41. *See* Order of January 6, 2020, Dkt. 47. Despite orders to respond to the motion and comply with outstanding discovery requests, Vu failed to respond and again failed to appear at a hearing on February 21, 2020. Minute Entry of Feb. 21, 2020. Further, despite orders to meet with Nguyen and his counsel by April 21, 2020, Vu failed to respond to communications regarding scheduling and discovery. Order of Feb. 21, 2020; *see* Pl.'s Mot. for Extension of Time, Dkt. 54 ¶ 11, Ex. 1. On July 6, 2020, the Court recognized the "defendants' continued failure to comply with this Court's orders." Minute Order of July 6, 2020.

Vu reappeared soon after that, on July 31, 2020, filing an untimely response to Nguyen's Motion for Order Deeming Requests for Admissions to be Admitted, Dkt. 57. *See* Defs.' Resp.,

Dkt. 59.  On August 4, 2020, the Court struck that response as both untimely and unresponsive; the Court noted that, "[s]ince summer 2019, Vu has repeatedly failed to comply with her discovery obligations and numerous court orders."  Minute Order of Aug. 4, 2020.  The Court admonished: "Vu is warned once again that her continued failure to conduct herself in accordance with the well-settled obligations of all federal litigants will result in increasing sanctions that could include default judgment being entered against her and her companies."  *Id.*

On August 31, Nguyen filed an Amended Motion for Summary Judgment.  The Court warned Vu the next day, *see* Minute Order of September 1, 2020, that on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  *Neal*, 963 F.2d at 456.  The Court further admonished that:

> Under Fed. R. Civ. P. 56(e), if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials including the facts considered undisputed show that the movant is entitled to it; or (4) issue any other appropriate order.

Minute Order of September 1, 2020.  The Court did not issue its opinion granting in part Nguyen's motion for summary judgment until December 20, 2020, giving Vu ample opportunity to respond to the motion.  *See* Mem. Op., Dkt. 65.  Nonetheless, neither Vu nor her companies, which remained unrepresented, responded to Nguyen's motion.  After the entry of partial summary judgment, the Court ordered the parties to submit a joint status report on the remaining issues.  Order, Dkt. 64.  Vu again did not comply.  Pl.'s Status Report, Dkt. 66.

Finally, on February 16, 2021, Vu appeared via joint status report with counsel, announcing plans to move to set aside the Court's order on summary judgment.  Dkt. 70.

Nguyen, meanwhile, supplemented his motion for attorney's fees and costs. The motions are now ripe for review.

## II.    LEGAL STANDARD

"Rule 54 governs reconsideration of interlocutory orders[.]"[1] *Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 80 (D.D.C. 2015). The rule establishes that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Whether to grant a motion for reconsideration of an interlocutory order, such as the partial grant of summary judgment here, is "within the discretion of the trial court." *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 21 (D.D.C. 2007) (quoting *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003)). The Court may grant such requests "as justice requires." *Id.* (quoting *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 122 (D.D.C. 2006)). "Justice may require revision when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (cleaned up). More broadly, a Court may "elect to grant a motion for reconsideration if there are other good reasons for doing so." *In Defense of Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 70,

---

[1] Vu also briefly references Rules 59(e) and 60, Defs.' Mot. at 3, which she acknowledges only apply to *final* judgments under Rule 58. *See id.*; Fed. R. Civ. P. 59(e), 60(b). Vu concedes that "[n]o final judgment has been entered in this matter pursuant to Rule 58," Defs.' Mot. at 5, so these rules are inapposite.

76 (D.D.C. 2008) (internal quotation marks omitted). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

Rule 16(b)(4) governs a request to reopen discovery and establishes that the Court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Relevant factors include: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. 12, 14 (D.D.C. 2011) (internal quotation marks omitted).

## III.     ANALYSIS

### A.     Motion to Set Aside

Vu asserts, supported by her own declaration, that she did not receive actual notice of Nguyen's Motion and Amended Motion for Summary Judgment. *See* Mot. to Set Aside. She declares that she "never retrieved from the mailbox of [her] Building or from outside [her] home office door a copy of Plaintiff's Motion for Summary Judgment or Amendment Motion for Summary Judgment, or, indeed, any other mail related to this lawsuit, until the end of December 2020." Vu Decl. ¶ 6. Vu "spend[s] a good deal of time outside Virginia away from [her] Building," *id.* ¶ 5, and "rel[ies] on other residents of the Building to retrieve [her] mail," *id.* "Generally, the other residents of the Building leave [her] mail outside [her] home office door on the main level of the Building." *Id.* ¶ 4. Vu also states that, "[p]rior to August 2020, [she] had

received electronic correspondence from the Court whenever anything related to this lawsuit had been filed. However, beginning August 2020, [she] ceased receiving electronic correspondence from the Court." *Id.* ¶ 10. Vu "did not realize this had happened until late December 2020." *Id.* And "[b]etween July 31, 2020 and the last week in December 2020, [Vu] did not receive any email . . . regarding this lawsuit." *Id.* ¶ 11.

The surrounding facts and documentary evidence provided by Nguyen, to say nothing of Vu's conduct throughout this litigation, give reason to doubt the credibility of these assertions. First, contrary to Vu's declaration that she received no emails regarding this litigation from July to December, Vu. Decl. ¶ 12, Nguyen provides documentary evidence of several emails sent to Vu's provided email address, *including* a courtesy copy of the Motion for Summary Judgment Vu claims to have never received. Nguyen explains:

> Specifically, on August 10, 2020, and pursuant to this Court's May 24, 2020 Minute Order, the undersigned contacted Defendant Vu at the referenced e-mail address to advise her that Mr. Nguyen did not believe that attending mediation in this action would be fruitful and intended to advise the Court that the Parties did not wish referral for mediation or settlement. Later that evening on August 10, 2020, the undersigned provided Defendant Vu with an electronic copy of the referenced status report via her khvu89@gmail.com e-mail address—in addition to properly serving the same by first-class mail. Three days later, the undersigned requested Defendant Vu's position as to Mr. Nguyen's anticipated request for a 14-day extension for the filing of dispositive motions, to which she also failed to respond. A copy of this August 10-13, 2020 correspondence is attached here at Exhibit A. On August 28, 2020, the undersigned law firm's litigation paralegal sent Defendant Vu a courtesy copy of Mr. Nguyen's filed Motion for Summary Judgment and proposed order to the same personal e-mail address, a copy of which is attached hereto at Exhibit B. Again, Ms. Vu failed to acknowledge this e-mail or engage with Mr. Nguyen's counsel in any manner.

Nguyen Opp'n at 7, Dkt. 74 (citing Ex. A Dkt. 74-1 (email to Vu); Ex. B, Dkt. 74-2 (same)). Vu does not challenge the authenticity of these emails, nor does she dispute that she received them. Indeed, other than stating, "until review of the Plaintiff's Opposition, Defendant Vu was unaware that Plaintiff's counsel had electronically mailed her, to two gmail addresses, the Amended

Motion for Summary Judgment," Vu Reply at 3, Vu provides no explanation for her purported lack of awareness of the emails. Thus, the Court has no trouble concluding that Vu "received at least two e-mails from [Nguyen's counsel] directly reflecting Mr. Nguyen's intention to file a dispositive motion in this action, including a copy of the initial Motion for Summary Judgment on August 28, 2020 by e-mail." Nguyen Opp'n at 8 (citing Ex. B).

The Court's own records further belie Vu's assertions. As for the electronic notices from the Court's online filing portal (CM/ECF), Vu claims that she received notices for some period of time but suddenly stopped receiving them around the time Nguyen filed his motion for summary judgment. Vu Decl. ¶ 10. Again, Vu provides no explanation for the allegedly sudden and unexpected change in the operation of the CM/ECF system. Instead, she simply insists that she did not have the technological capabilities to operate the CM/ECF system, even though the Court explained to Vu during the December 2019 status conferences that the court would grant her leave to access CM/ECF and that court staff was available to train and assist her with CM/ECF.[2] The public docket reflects that Vu never requested pro se access to the online system. *See generally* Docket, 19-cv-894. Indeed, Vu continued to file her pleadings by mailing paper versions to the Court, rather than by filing via CM/ECF. *See, e.g.*, Defs.' Resp., Dkt. 59 (received by the mail room on July 28, 2020, leave to file granted by the court on July 31, 2020).

---

[2] The Local Rules state:

> A pro se party may obtain a CM/ECF user name and password from the Clerk with leave of Court. Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned. To obtain leave of Court, the pro se party must file a written motion entitled "Motion for CM/ECF User Name and Password," describing the party's access to the internet, confirming the capacity to file documents and receive filings electronically on a regular basis, and certifying that he or she either has successfully completed the entire Clerk's Office on-line tutorial or has been permitted to file electronically in other federal courts.

LCvR 5.4(b).

As for mailings, the Court itself repeatedly mailed filings and orders to Vu's address of record—many of which directly reference Nguyen's motion for summary judgment. *See, e.g.*, Minute Order of August 13, 2020 (granting extension of time to file dispositive motion; mailed to Vu's address of record on August 13, 2020); Minute Order of September 1, 2020 (noting that Vu had failed to respond to the pending motion for summary judgment and advising Vu of the consequences of not responding; mailed to Vu's address of record on September 1, 2020).

Even accepting all of Vu's assertions as true, however, the Court is dubious that the practice of leaving a mailbox unattended—while engaged in an active lawsuit—for apparently months on end with the expectation that other individuals will place mail in a public space on the ground floor of a shared building would provide a "good reason" to set aside the Court's judgment or subject Nguyen to further discovery. As described above, the surrounding facts directly rebut Vu's assertion that she was given no notice of the motion for summary judgment. And the Court has no basis, in light of Vu's continued lack of good faith compliance or participation in this case, to simply take her word for it. The Court will decline the opportunity to revise its ruling under Rule 54, Fed. R. Civ. P. 54(b), and the motion to set aside will be denied.

Vu's alternative request to reopen discovery also fails, as she has not established "good cause" for reopening discovery. *See* Fed. R. Civ. P. 16(b)(4). The relevant factors weigh strongly against Vu. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. at 14 (listing the factors). First, the request is opposed, *see* Pl.'s Opp'n at 14, and second, Nguyen would no doubt be prejudiced by being "compelled to relitigate this action over two years after its commencement, especially given [Vu's] demonstrated propensity to subvert his discovery efforts," *id.; In re Rail Freight Fuel Surcharge Antitrust Litig.*, 281 F.R.D. at 14. Third, as

detailed above, Vu was not "diligent in obtaining discovery within the guidelines established by the court," *id.*, and fourth, "the foreseeability of the need for additional discovery," *id.*, is low, as is, fifth, "the likelihood that discovery will lead to relevant evidence," *id.*, because the Court has already entered partial summary judgment on the substance of all of the claims. Accordingly, the alternative request to reopen discovery will be denied.

### B. Attorney's Fees and Costs[3]

At a hearing on January 6, 2020, the Court granted Nguyen's Motion for Attorney's Fees, Dkt. 41, incurred in connection with his Motion to Compel, Dkt. 39. *See* Order, Dkt. 51. The Court gave Vu opportunities to respond to Nguyen's fees request, *see, e.g.*, Minute Order of January 7, 2020 (directing Vu to respond), which she declined. Nevertheless, the Court independently evaluated the fee request and concluded that the fees were reasonable. Order, Dkt. 51. The Court denied without prejudice Nguyen's supplemental motion for attorney's fees associated with his motion for sanctions, however, because the supplemental request did not include a corresponding declaration explaining the reasonableness of the additional fees. *Id.* at 2. On December 20, 2020, the Court directed Nguyen to file detailed documentation regarding the additional costs if he sought to recover those fees. *See* Minute Order of December 20, 2020; Minute Order of February 21, 2020.

In response to that order, Nguyen filed a supplemental motion for attorney's fees and costs. Pl.'s Renewed Mot., Dkt. 68. As support for the request, Nguyen's counsel provided a

---

[3] In awarding attorney's fees under Federal Rule of Civil Procedure 37, courts use the "lodestar method," in which a reasonable hourly rate is multiplied by a reasonable number of hours expended. *See Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 63 (D.D.C. 2014). In this jurisdiction, courts use a Laffey Matrix to determine whether an attorney's rate is reasonable. *See Al-Quraan v. 4115 8th St. NW, LLC*, 123 F. Supp. 3d 1, 3 (D.D.C. 2015).

chart explaining the fees and costs in addition to a declaration signed by counsel explaining the hourly rate, the nature of the work, and the sum charges. *See* Moon Decl. at 1–2, Dkt. 68-1. For much the same reasons explained in the Court's previous order on attorney's fees in this case, *see* Order, Dkt. 51, the Court finds that these fees are reasonable. The declaration explains that David Moon, counsel of record for Nguyen throughout this litigation, has been in private practice for approximately six years, and currently leads the Lipp Law Firm's litigation practice. *See* Moon Decl. at 1–2. "With respect to this action, Counsel is representing the Plaintiff on a discounted hourly rate of $300 per hour for attorneys and $390 per hour for the law firm's managing partner." *Id.* The firm's hourly rates are competitive relative to other business litigation firms of similar size. *Id.* ¶ 10. The number of hours expended are likewise reasonable. Attorney Moon spent 3.8 hours on one reply brief, Moon Decl. ¶ 9, and 2.4 hours on another, *id.* He spent 2.2 hours preparing, traveling to, and attending a hearing. *Id.* And, finally, he spent 2.3 hours on the supplemental motion for attorney's fees. *Id.* The sum total request of $3,558.60 is reasonable, and the supplemental motion for attorney's fees will be granted.

## CONCLUSION

For the foregoing reasons, the supplemental motion for attorney's fees is granted and the motion to set aside is denied. A separate order consistent with this decision accompanies this memorandum opinion.

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

July 6, 2021